Moncure, P.,
delivered the opinion of the court.
The main question, and only material one to be decided in this case is, whether keeping a billiard saloon is a “ business which cannot be reached by the ad valorem system,” within the meaning of the constitution, article 10, sections 1 and 4 ; and, therefore, whether section 30 of the act approved June 29, 1870, entitled “an act in relation to the assessment of taxes on licenses,” (Acts of Assembly 1869-’70 p. 240,) and section 41, of the act approved July 9, 1870, entitled “an act imposing taxes for the support of government and free schools, and to pay the interest on the public debt,” (Id. p. 362,) are constitutional.
Those sections are as follows :
Constitution, article 10, sect. 1. “Taxation, except as hereinafter provided, whether imposed by the State,. county or corporate bodies, shall be equal and uniform, and all property, both real and personal, shall be taxed in proportion to its value, to be ascertained as prescribed by law. No one species of property from which a tax may be collected, shall be taxed higher than any other species of property of equal value.”
Id. “ Sec. 4. The General Assembly may levy a tax on incomes in excess of six hundred dollars per annum, and upon the following licenses, viz : the sale of ardent *572 spirits, theatrical and circus companies, menageries, jugglers> itinerant peddlers, and all other shows and exliibitions for which an entrance fee is required, commission merchants, persons selling by sample, brokers and pawnbrokers, and all other business which cannot be reached by the ad valorem system. The capital invested in all business operations shall be assessed and taxed as other property. Assessments upon all stock shall be according to the market value thereof.”
Act of June 29, 1870, sec. “ 30. Any person who shall keep for compensation, a saloon or table at which to play at billiards, shall be deemed to keep a billiard saloon; and if a tax is- imposed upon the tables kept therein, the same shall be on every table capable of being used for the purpose and kept therein, whether used or not. Any person who shall keep a billard saloon without a license shall pay afine of not less than fifty dollars nor more than one hundred dollars for each day he may continue the same.”
Act of July 9, 1870, sec. “41. The specific license tax on' any person to keep a billiard table shall be one hundred dollars, and an additional tax of fifty dollars for each additional table kept or to be kept therein. If the license be for a bowling or billiard saloon at a watering place, aud is for four months or less, the tax thereon shall be fifty per centum of the taxes aforesaid.”
It is within the judicial power of this court, now as heretofore, to declare an act of the Legislature unconstitutional and void, although the present constitution provides “that the assent of a majority of the judges elected to the court shall be required in order to declare any law null and void by reason of its repugnance to the federal constitution or to the constitution of this State.” But certainly it ought plainly to appear that a law is unconstitutional to warrant the court in so declaring. This has always been the rule which has governed the court in the exercise of this power, and it remains in *573 full, if not increased force, under the provision afore- • said.
Applying that rule to this ease, we cannot say that the laws in question are unconstitutional and void. The Legislature must, in the nature of things, have a large discretion in determining the question as to what business can be reached by the ad valorem system, within the meaning of the constitution. The subject is indefinite in its nature, and although the instances enumerated in the constitution afford material aid in ascertaining the meaning of its framers in the use of the general words which follow the enumeration, still much room is necessarily left for the exercise of legislative discretion in the matter ; and we certainly cannot say that such discretion has been so exercised in this case as to make the laws in question unconstitutional. Those laws are similar to, if not literally the same with, those which had existed in former years on the same subject, and which were perhaps in the mind of the convention when they used the general words aforesaid. That capital is invested in billiard tables and other necessary furniture of a billiard saloon, which capital may itself be subject to be taxed as property, under section 32 of the act of June 29, 1870, seems to make no difference. None of the pursuits enumerated in the constitution as subjects which may be taxed by way of license, can be carried on without the use of property of some value, more or less ; and the question of more or less cannot be material in regard to the principle involved. The tax is intended to be laid on the pursuit, which is a game of popular amusement, considered by the Legislature as a fit subject for taxation.
"We are therefore of opinion that the decree of the Corporation court is. erroneous, and that it be reversed, ■and the injunction dissolved, and bill dismissed with costs.
Judgment reversed.